**Elba Macias AGUILAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70912.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 21, 2005.

Enrique Ramirez, Esq., Law Office of Enrique Ramirez, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Alison Marie Igoe, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM **

Elba Macias Aguilar is a native and citizen of Mexico. Aguilar petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA made an independent determination of whether relief is appropriate, this Court reviews the deci-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sion of the BIA. *See Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny this petition for review.

The only issue that Aguilar contests is the BIA's finding that she did not suffer past persecution. Substantial evidence supports the BIA's denial of asylum because Aguilar's sexual harassment problems, her subsequent job transfer, and her son's disappearances from school did not rise to the level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995); *see also Nagoulko,* 333 F.3d at 1016 (holding that incidents of discrimination and harassment do not compel a finding of past persecution).

Because Aguilar did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Aguilar waived any challenge to the IJ's denial of CAT relief because she did not raise this claim in her opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996)

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**